UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-60221-STRAUSS

**AARON C. TIMBERLAKE,**

     Plaintiff,

v.

**PALM BEACH COUNTY SHERIFF'S OFFICE** et al.**,**

     Defendants.

_____/

**<u>ORDER ON PLAINTIFF'S MOTION FOR EXEMPTION FROM PACER FEES</u>**

**THIS MATTER** came before the Court upon Plaintiff's Motion for Exemption from PACER Fees [DE 18] (the "Motion"). In the Motion, Plaintiff asks for an exemption from PACER fees so that he can access documents reasonably necessary for him to litigate his case. [DE 18] at 2. Plaintiff notes that the Court previously granted Plaintiff leave to proceed *in forma pauperis*. *Id.* Plaintiff also notes that he must rely on PACER to monitor the docket in this case and review dockets of related federal cases to help him litigate his claims, as he does not have access to subscription-based search engines for legal research. *Id.*

"For an exemption from PACER fees, Plaintiff must show 'an exemption is necessary in order to avoid unreasonable burdens *and* to promote public access to information.'" *McWhorter v. Transunion LLC*, No. 121CV01753SDGLTW, 2021 WL 12137720, at *1 (N.D. Ga. Dec. 9, 2021) (emphasis added) (quoting 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule, 9. Discretionary Fee Exemptions)). An exemption is the exception rather than the rule. *Id.* (citing *Hatcher v. G-P Wood & Fiber Supply, LLC*, Case No. 3:07-CV-080-JTC, 2008 WL 11343393, at *1 (N.D. Ga. Feb. 6, 2008)). "[*I*]*n forma pauperis* status alone does not support a request to waive PACER fees." *Rigby v. Cap. One Fin. Corp.*, No.

24-CV-98, 2025 WL 556426, at *1 (M.D. Fla. Feb. 19, 2025) (citation omitted). Moreover, "the PACER fee schedule already contains generous automatic fee exemptions." *Schultz v. Lewis*, No. 23-CV-04132, 2024 WL 1560149, at *4 (N.D. Ga. Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 1589512 (N.D. Ga. Mar. 4, 2024). For example, Plaintiff is entitled to one free copy of all documents filed in this case, can access any judicial opinion, and has free access to PACER at the courthouse's public access terminal. *See id.* (citing 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule, 8. Automatic Fee Exemptions)).

Here, Plaintiff has not established an entitlement to an exemption from PACER fees. Although Plaintiff is proceeding *in forma pauperis*, that status is not enough to grant the Motion. Moreover, the Court expressly stated that it was granting Plaintiff's motion to proceed *in forma pauperis* "even though the Court would not consider Plaintiff to be 'absolutely destitute' . . . ." [DE 5] at 4 (citation omitted). None of the other reasons mentioned by Plaintiff in the Motion establish why the exemptions already available to Plaintiff are insufficient to avoid an unreasonable burden on him. Therefore, the Motion will be denied without prejudice, and Plaintiff may refile the Motion upon showing how an exemption from PACER fees is necessary to both alleviate an unreasonable burden and promote public access to information. Any re-filing should address why the currently available exemptions are inadequate.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiff's Motion [DE 18] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of February 2026.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge